# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 10cr0800 JM |
|---|---|
| Plaintiff, | ORDER DENYING MOTIONS TO MODIFY SENTENCE |
| v. | |
| MICHAEL ZUNIGA, | (ECF 20, 22) |
| Defendant. | |

Defendant Michael Zuniga has filed two identical motions for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("USSG"). The Government opposes the motions. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the motions are denied.

## BACKGROUND

On April 15, 2009, a two-count indictment in 09cr1454JM, filed in the Southern District of California, charged Defendant with Importation of Cocaine and Methamphetamine, in violation of 21 U.S.C. §§ 952 and 960 and with Possession of Cocaine and Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §841(a)(1). In each count, the quantity of cocaine was listed at 8.45 kilograms, and the quantity of methamphetamine was listed at 18.50 kilograms (mixture). On April 16, 2010, Defendant pled guilty to Count 1 of this indictment.

On July 22, 2009, a one-count information was filed in the Central District of California, subsequently transferred to Southern District of California as 10cr0800JM,

1  charging Defendant with violation of 21 U.S.C. § 841(a)(1), Possession with Intent to
2  Distribute Cocaine. The charging document listed the quantity of cocaine at 500 grams
3  or more. On April 16, 2010, the defendant pleaded guilty to this information. On
4  January 14, 2011, Defendant was sentenced in 09cr1454JM to 120 months and five
5  years supervised release and in 10cr0800JM to 120 months and five years supervised
6  release to run concurrently to the term imposed in 09cr1454JM.

7  Defendant pled guilty in both cases. Subsequent to being released in connection
8  with importing 8.48 kilograms of cocaine and 14.74 kilograms of methamphetamine
9  (actual) in 09cr1454JM, it was determined that Defendant had previously possessed
10 1.001 kilograms of cocaine with intent to distribute in the Central District of California
11 in10cr0800JM.

12 On January 14, 2011, Defendant was sentenced by this Court in both cases to a
13 120-month custodial sentence with five years of supervised release to follow; the
14 sentences were to run concurrently. The court determined a base offense level of 38,
15 -3 for acceptance of responsibility, and a criminal history category of I, representing
16 a guideline range of 168-210 months. The court then granted a 18 U.S.C. §3553(a)
17 variance of 60 months (representing a guideline range of 108-135 months). Ultimately,
18 the court imposed a 120-month minimum mandatory sentence.

## DISCUSSION

20 Under 18 U.S.C. § 3582(c)(2), district courts have the authority to modify a term
21 of imprisonment when a defendant was sentenced based on a guideline range that is
22 subsequently lowered by amendment to the USSG. When determining whether a
23 sentencing adjustment is warranted pursuant to § 3582(c)(2), the court must "determine
24 the amended guideline range that would have been applicable to the defendant if the
25 amendment(s) ... had been in effect at the time the defendant was sentenced." USSG
26 § 1B1.10(b)(1). "The court shall substitute only the [applicable amendment] for the
27 corresponding guideline provisions that were applied when the defendant was
28 sentenced and shall leave all other guideline application decisions unaffected." Id. If

the amendment does not lower the guideline range under which the defendant was sentenced, a reduction in sentence is not authorized. USSG § 1B1.10(a)(2).

Amendment 782 modified the Drug Quantity Table in USSG § 2D1.1, which provides the base offense levels for different quantities of various controlled substances. Amendment 782 reduced the base offense levels for most federal drug trafficking crimes by two levels. In July 2014, the U.S. Sentencing Commission promulgated Amendment 788 and amended USSG § 1B1.10, which made Amendment 782 retroactive (effective November 1, 2014) but delayed the effective date for orders reducing prison terms based on Amendment 782 until November 1, 2015 .

The court denies the motion for a reduction of sentence for two reasons. First, in light of the quantity of methamphetamine to which Defendant pled guilty, 14.7 kg (actual), or 291,896 kg in marijuana equivalents, the guideline base offense level remains at level 38. USSG §2D1.1. Accordingly, the guideline range for Defendant's crimes have not been reduced; and he is not entitled to a further reduction.[1]

Second, Defendant was subject to the minimum mandatory sentence of 10 years. 21 U.S.C. §841(b). The minimum mandatory sentence was, and is still, appropriate because Amendment 782 did not change statutory minimum mandatory sentences. United States v. Waipa, 2016 WL 3430550 (9th Cir. 2016) (the minimum mandatory applies in §3582(c)(2) proceedings); United States v. Jean-Louis, 626 Fed.Appx. 901 (11th Cir. 2015); see United States v. Sykes, 658 F.3d 1140, 1147-48 (9th Cir. 2011).

In sum, the motion for a reduction of sentence is denied. (ECF 20, 22).

**IT IS SO ORDERED.**

DATED: November 1, 2016

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties

---

[1] The fact that Defendant received a 4 level downward departure under 18 U.S.C. 3553(a) is not relevant to the present analysis because, among other things, the departure received by Defendant is not one based on cooperation. USSG §1B1.10(c).